THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM WALTER LEO SEYMOUR, Defendant.

County Court, Jefferson County, October 27, 1955.

*William Walter Leo Seymour,* defendant in person.

*Angus G. Saunders, District Attorney,* for plaintiff.

WILTSE, J. In the proceeding herein considered, the defendant-petitioner asks that he be ordered to appear in the Jefferson County Court at a stated time, toward the end of producing testimony to vacate and set aside a judgment of conviction in this court on or about February 9, 1955, whereby the said defendant was sentenced to serve a term of imprisonment in Attica State Prison at Attica, New York, for a term of not less than three and one-half years, nor more than ten years.

The application of the defendant is in the nature of a petition for a writ of error *coram nobis* for a review of the sentence under the judgment of conviction aforesaid.

In the first place, it should be stated, that upon the date aforesaid, the defendant was resentenced upon another application for a writ of error *coram nobis,* as a first felony offender, rather than as a second felony offender. He had been previously sentenced under a judgment of conviction for burglary in the third degree, as a second felony offender, on or about June 4, 1953. Defendant, at that time, had been allegedly convicted in the Tompkins County Court for a felony that occurred prior to his said conviction of burglary in the third degree, in Jefferson County.

A hearing was held upon the aforesaid application for a writ of error *coram nobis* after the defendant had caused his prior felony conviction in Tompkins County to be set aside. Reasons therefor are not here material. It should be noted, however, that the grounds for setting the same aside were, apparently, that the defendant, at the time of his Tompkins County conviction, was under the age of sixteen years. (*People* v. *Seymour,* 137 N. Y. S. 2d 813.)

After the setting aside of said Tompkins County conviction, the defendant was thereafter returned to the County Court of Jefferson County for resentence as a first felony offender. Under the judgment of conviction of burglary in the third degree, as a second felony offender, as stated above, he was originally sentenced to serve a term in Attica State Prison at Attica, New York, for not less than five years nor more than ten years. Upon his resentence as a first felony offender, as previously mentioned, he was sentenced to serve a term of not less than three and one-half years nor more than ten years in Attica State Prison. The present contention of the defendant-petitioner is that counsel was erroneously assigned to represent him upon his application for a writ of error *coram nobis* at the time of his resentence as a first felony offender.

The defendant-petitioner states in his application for a hearing under the instant application, and as a basis for resentence, that his constitutional rights have been violated, that his rights under section 308 of the Code of Criminal Procedure have been violated, and that the decisions under the cases hereinafter mentioned, did not allow assignment of counsel upon his prior hearing and resentence, as a first felony offender, without his request to ask that counsel be assigned.

In support of his contention, the defendant-petitioner cites the case of *People* v. *Lyons* (55 N. Y. S. 2d 9). The claim that he makes is that no counsel should have been assigned without his request,

The aforesaid case, and the authorities therein cited, do not appear to apply to a situation such as we have here. Without going into detail as to the determination in those cases, it is quite a different situation with which we are here presented than was the factual situation in the authorities mentioned.

Petitioner contends that counsel had been assigned at the hearing immediately above mentioned without his request.

It is true that there was no request by the petitioner for assignment of counsel. In all fairness to the defendant-petitioner, it was the feeling of the court, that counsel should be assigned, to assist him at every stage of the proceeding; particularly, in view of the fact, that he was then, and still is, incarcerated in a penal institution, and without funds to retain counsel.

A hearing was held, at which the petitioner and his assigned counsel were personally present in the Jefferson County Court.

At no time did the petitioner state that he did not wish to have counsel represent him. Further, the record will disclose that said petitioner was given every opportunity to present testimony regarding his resentence, and for his counsel to present testimony regarding the same.

Further, the record discloses, and is not disputed, that the defendant-petitioner, upon that particular hearing, was resentenced as a first felony offender, after his sentence as a second felony offender had been vacated. Vacation of the sentence, as a second felony offender, however, was predicated upon the action of the Tompkins County Court in vacating and setting aside his prior conviction in that court.

The Tompkins County sentence, as a first felony offender, having been set aside by that court, and the sentence, as a second felony offender, in the Jefferson County Court, under date of on or about June 4, 1953, having been set aside by the Jefferson County Court, on or about February 9, 1955, it then became the duty of the court to sentence the aforesaid defendant-petitioner as a first felony offender.

The sentence that was then imposed under the judgment of conviction, as a first felony offender, was, that the defendant be confined to imprisonment at Attica State Prison at Attica, New York, for a term of not less than three and one-half years, nor more than five years.

The facts in regard to this present proceeding having been briefly set forth above, will disclose that it is not within the rules set forth in sections 188 and 308 of the Code of Criminal Procedure; nor are such facts the same as are determined within

the authorities cited by the defendant-petitioner; all relating to assignment of counsel.

To repeat, counsel was assigned with the thought of fairness to the defendant upon his application for a writ of error *coram nobis,* in which he sought to be resentenced as a first felony offender, after his conviction of burglary in the third degree in the Jefferson County Court on the date aforesaid, and after an alleged prior conviction aforesaid in the Tompkins County Court had been vacated and set aside. Perhaps there was no duty on the part of the court to assign counsel, but it was felt advisable that same should be done. The defendant-petitioner's application for the vacation and setting aside of his sentence as a first felony offender, as determined by this court, on February 9, 1955, is denied in all respects.

It is further believed, that the court was attempting to protect every right accorded to the defendant under the law of the State of New York, by assigning counsel to represent him upon his application for a writ of error *coram nobis,* that resulted in the sentence, as a first felony offender, under date of February 9, 1955.

It is further believed, that since the defendant-petitioner did not protest, or object to, the assignment of counsel to assist him upon such application, that he is now precluded from protesting the action by the court in assigning counsel.

By way of comment, it might be mentioned, that had no counsel been assigned by the court, with the knowledge of the court that defendant had no counsel, or funds with which to retain same, and that he was incarcerated in a penal institution, that he might very well have raised the question that he was precluded from a proper hearing, because no counsel had been assigned.

There appears to be no authority which would allow, or necessitate, the presence of the defendant-petitioner upon his instant application for a writ of error *coram nobis* to vacate and set aside his sentence under the judgment of conviction, as a first felony offender, under date of February 9, 1955, upon any ground set forth. The records of the court are clear.

Therefore, the application of the defendant-petitioner, for his production upon a hearing under the instant application to vacate and set aside the judgment of conviction of February 9, 1955, is denied; and all other relief asked for by the defendant, in his instant application, is likewise denied; and the aforesaid sentence, as a first felony offender, is, in all respects, affirmed.

An order may be made in accordance with the above.